CLARENCE A. SINCLAIR, Respondent, v. THERESA WISMANN, Executrix, Appellant.

St. Louis Court of Appeals. Argued and Submitted May 6, 1914. Opinion Filed June 2, 1914.

1. PRINCIPAL AND SURETY: Contribution: Rights of Cosurety. A surety on a bond given to indemnify a building contractor's surety on a bond conditioned to save the owner harmless from liens and payments for work or material is entitled to contribution from a cosurety on a claim for material furnished by him, although no suit is brought or mechanic's lien filed thereon.

2. ———: ———: ———. A surety on a bond given to indemnify a building contractor's surety on a bond conditioned to save the owner harmless from liens and payments for work or material is entitled to contribution from a cosurety on a claim for material furnished by the latter and paid by the former.

3. ———: ———: ———: **Facts Stated.** A construction company gave a bond conditioned for the faithful performance of a building contract and that the owner be saved harmless from liens and payments for work and material. The construction company gave the surety on the bond an indemnifying bond, with four individuals as sureties. The construction company being unable to pay the materialmen, one of the sureties on the indemnifying bond brought a mechanic's lien action for material furnished for the building by him, and, after the rendition of judgment, two of his cosureties paid it, the remaining cosurety having died insolvent. In an action against him by these cosureties for one-third of this payment and one-third of the amount of bills owing to them for material furnished for the building by them, *held* that the payment made was not a voluntary one, and that the fact that the cosureties did not file a mechanic's lien did not bar a recovery, and hence it is *held* that the cosureties were entitled to contribution from defendant.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm,* Judge.

AFFIRMED.

*Cornelius F. Bauer* for appellant.

(1) A surety is a favorite of the law, has a right to stand on the strict terms of his contract, and is bound only to the extent in the manner and under the circumstances pointed out in the obligation. Martin v. Whites, 128 Mo. App. 117; Reissaus v. Whites, 128 Mo. App. 135. (2) When the obligation of a bond is one of indemnity, damages must be sustained before there can be a recovery on it. State ex rel. v. Sullivan, 99 Mo. App. 616; State ex rel. v. Thompson, 81 Mo. App. 556. (3) Any departure from, change or variation in the terms of the original contract will result in the discharge of the surety. Burns Est. v. Fid. & Dep. Co., 96 Mo. App. 467; 71 Mo. App. 87; 128 Mo. App. 135. (4) The defendant agreed to indemnify the surety company against any loss or damage, not any negligent sub-contractors who have waived their

claims and their rights thereunder, and he has a right to refuse any voluntary contributions by reason of his indemnity suretyship, and has a right to stand on his contract. Beers v. Wolf, 116 Mo. 179; Evans v. Graden, 125 Mo. 72; Taylor v. Jeter, 23 Mo. 244. (5) An indemnifying surety is not liable on any implied engagement, as a principal party contracting for his own interest would be, and he has a right to insist upon a strict performance of any condition for which he has stipulated. Martin v. Whites, 128 Mo. App. 117. (6) Sureties are bound to be diligent in their own protection. Henry County v. Salmon, 201 Mo. 136. (7) Where one party to a contract is dead, the others are disqualified from testifying. 81 Mo. App. 556.

*William Hilkerbaumer* for respondent.

(1) This is an action at law on an implied promise of contribution. It is not a suit in equity. Halliburton v. Carter, 55 Mo. 435; Hanna v. Hyatt, 67 Mo. App. 308; Van Patton v. Richardson, 68 Mo. 379; Dysart v. Crow, 170 Mo. 275; Mosely v. Fullerton, 59 Mo. App. 143; Weidemeyer v. Laudon, 66 Mo. App. 520; Brownlow v. Willard, 66 Mo. App. 636. (2) No declarations of law, or findings of fact were asked or given at the trial. There being no questions raised in appellant's brief on the admission or exclusion of evidence, the judgment of the trial court should be affirmed, as the appellate court cannot in an action at law review the judgment of the trial court, but the same is conclusive. Hill v. Kingsland, 131 Mo. 648; Parkinson v. Coplinger, 65 Mo. 294; Home Sav. Bank v. Fiske, 135 Mo. App. 8; Oellien v. Duncan, 148 Mo. App. 600; Huke v. Railroad, 146 Mo. App. 355. (3) The agreement of indemnity was not merely one of indemnity against loss or damage, but was also one of indemnity against claims, demands and liability which

the surety might sustain or incur; and that its indemnitors would place the surety in funds to meet every claim, demand and liability before it shall be required to pay the same. The indemnitors became liable as soon as claims and demands were asserted against the surety, or the surety incurred a liability, and they were obliged to place the surety in funds to meet them. No judgment or adjudication against the surety was necessary. The surety could recover, provided it could show that the claims and demands were valid, or that a liability had been incurred. Oberbeck v. Mayer, 59 Mo. App. 292; Chapman v. Emberg, 95 Mo. App. 127; Casey v. Gunn, 29 Mo. App. 14; Skrainka v. Rohan, 18 Mo. App. 343; Picot v. Signaigo, 22 Mo. 587; Destrehan v. Scudder, 11 Mo. 484.

REYNOLDS, P. J.—A corporation engaged in the business of the erection of buildings, and hereafter referred to as the building company, entered into a contract for a stipulated price to construct a dwelling for a party. Under this contract with the owner, the building company was to provide all materials and do all the work required in the erection of the building, the owner contracting to pay for the work as it progressed, provided that the wages of artisans and laborers and all those employed by or furnishing materials to the building company should have been paid and satisfied, so that they should have no lien upon the building or work, and that in case the building company failed to satisfy and pay all and every claim against the building, the owner, if he deemed proper to do so, might retain from the moneys due and coming to the building company enough to pay and satisfy the claims. It is further provided that subcontractors and parties furnishing material and labor on account of the contract may be paid by the owner, at his option, pro rata, upon order of the building company, and that all such

payments to be charged on account of it shall be charged on account of the contract.

The building company gave a bond, made by a surety company, to the owner for the faithful performance of this contract, and to indemnify and save harmless the owner from any liens, or against any payments on account of work, material, etc., to be furnished by the contractor. The building company also gave a bond to the surety company to save it harmless from any liability on account of the contract or bond. This latter bond was given by the building company as principal, and by four individuals as sureties. One of these sureties died insolvent before the institution of this present action. The other three sureties were plaintiff Sinclair, a Mr. Reinhardt, and a Mr. Wismann. During the progress of the work on the building the building company was unable to meet its liabilities in full and the owner called together the subcontractors, creditors of the building company, and paid out the amount still due the building company, pro rata among all of these parties, save Wismann, Reinhardt and Sinclair, who were subcontractors and also sureties on the bond of the building company. Hence they were not included in this settlement. There was due the Sinclair Painting Company or Mr. Sinclair, who appears to have been the company, or its assignee, a balance of $942.90; due Reinhardt a balance of $918, and due Wismann a balance of $892.40. Wismann brought suit for a lien on his debt and obtaining judgment it was paid off by Sinclair and Reinhardt, they paying $782 in satisfaction of it. Neither Sinclair nor his company, nor Reinhardt filed suits to enforce their claims, but subsequently Reinhardt assigned his claim to Sinclair, who had become the owner of the Sinclair Painting Company claim, and demanded of defendant that he pay his proportionate part thereof, that is, one-third of the amount of the judgment claim and one-third of the other two claims, Sinclair

owning all of the claims by assignment. Setting up these facts, substantially, and averring that the payments had been made on account of the building and under their obligation as sureties, plaintiff as assignee of the claims, brought his action against Wismann for contribution, that is to say, for one-third of the amounts so paid. Pending the present action Mr. Wismann died and his executrix was substituted.

The trial was before the court, a jury being waived, and resulted in a verdict and judgment in favor of plaintiff on each of the counts of the petition. No declarations of law were asked or given, the finding being general on each count, judgment following. From this judgment, defendant, filing her motion for new trial, has perfected her appeal to our court.

The learned counsel for appellant make seven points upon which he claims a reversal, arguing that a surety, being a favorite of the law, has the right to stand on the strict terms of his contract; that when the obligation of a bond is one of indemnity, damages must be sustained before there can be a recovery on it; that any departure from, or change or variation in, the terms of the original contract resulted in the discharge of the surety; that the defendant's testator agreed to indemnify the surety company against any loss or damage, not any negligent subcontractor who had waived their claims and their rights thereunder; that he has a right to refuse any voluntary contributions by reason of the indemnity suretyship, and a right to stand on his contract; that an indemnifying surety is not liable on any implied engagement, as a principal party contracting; that sureties are bound to be diligent in their own protection; finally that where a party to a contract is dead, the others are disqualified from testifying.

As to this last proposition we fail to see its applicability, as our attention has not been called to any instance here where this rule was violated.

As to the other propositions, while fairly accurate statements of the law, we fail to see their application to the case at bar. Under the terms of the contracts between the parties, it was not incumbent upon the sureties to incur the additional expense of suits and actions, liens, etc., being filed, and brought, but if satisfied that the claim was correct, and should have been paid, and as to that the trial court must have found affirmatively, it was within their power and right to make payment and so save costs and expenses. That is clearly within the terms of the bond. These payments were not voluntary, but payments on accounts due for the work and which could have been enforced as to both of these assigned claims, so far as the evidence shows, without any question whatever against these sureties, or on the bond of either the indemnifying company, or of all these sureties. The Wismann claim went to judgment and was then paid by the owner and the sureties became liable to plaintiff for it when he or his assignees paid it, as was done.

We see no reversible error, in fact, even no technical error, in the action of the trial court. His finding is amply supported by the evidence and we are bound by that, seeing no error of law.

The judgment of the circuit court is affirmed. *Nortoni* and *Allen, JJ.,* concur.

